**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALIA – THE ROYAL JORDANIAN AIRLINES COMPANY and FERAS QARRAIN,<br><br>  Plaintiffs,<br><br>vs.<br><br>SHAHEEN ALKHAWALDEH, a/k/a SHAHEEN KHAWALDEH,<br><br>  Defendant. | **Case No. 1:18-cv-02890**<br><br>**COMPLAINT FOR DAMAGES AND  INJUNCTIVE RELIEF**<br><br>**[JURY TRIAL DEMANDED]** |

## COMPLAINT

Plaintiffs ALIA – THE ROYAL JORDANIAN AIRLINES COMPANY (hereinafter "RJ") and FERAS QARRAIN ("hereinafter Qarrain"), by and through their attorneys, Eimer Stahl LLP, and Condon & Forsyth LLP, as and for their Complaint against Defendant SHAHEEN ALKHAWALDEH, a/k/a SHAHEEN KHAWALDEH (hereinafter "Defendant"), state as follows:

## NATURE OF ACTION

1.    This cause of action seeks compensatory and punitive damages against Defendant for his deliberate course of action involving libel and defamation against Plaintiffs RJ and Qarrain.

2.    It has been Defendant's intent to use social media to communicate untruths about Plaintiffs to the public and Plaintiff RJ's prospective clients. These untruths are disguised as factual statements that suggest to the public and Plaintiff RJ's prospective clients that Plaintiff

Qarrain lacks the ability to perform his professional duties and lacks integrity in his professional duties.

3.     Plaintiffs are seeking compensatory and punitive damages as well as injunctive relief against Defendant as a result of the harm they experienced as a result of the libel and defamation committed by Defendant against Plaintiffs.

## PARTIES AND VENUE

4.     Plaintiff RJ was at all relevant times referenced herein and still is a corporation organized and existing under the laws of the Hashemite Kingdom of Jordan and maintains its principal place of business in Amman, Jordan.

5.     Plaintiff Qarrain was at all relevant times referenced herein and still is a resident of the Hashemite Kingdom of Jordan. Plaintiff Qarrain is the Chief Financial Officer ("CFO") of Plaintiff RJ.

6.     Upon information and belief, and at all times referenced herein, Defendant was and still is a resident of Cook County, Illinois.

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.     This Court also has jurisdiction over the subject matter because this action is brought by a "foreign state" as that term is defined in 28 U.S.C. § 1603(a):

    a.   Plaintiff RJ was, at the time this action was commenced, and now

         is a corporation duly organized and existing under the laws of the

Hashemite Kingdom of Jordan, with its principal place of business in Amman, Jordan;

b.  More than a majority of Plaintiff RJ's capital shares are owned by a foreign state, the Hashemite Kingdom of Jordan; and

c.  Plaintiff RJ is not a citizen of the United States as defined in 28 U.S.C. § 1332(c)(1), nor has it been created under the laws of any third country.

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein took place within the Northern District of Illinois.

## FACTS

10.     Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs 1 through 6 above with the same force and effect as if set forth herein in full.

11.     On or about March 24, 2018, Defendant began publishing untruthful posts about Plaintiffs on several of his Facebook pages.

12.     These posts falsely state that Plaintiff RJ is involved in corruption and scandals. Specifically, a March 24, 2018, post falsely alleges that Plaintiff Qarrain's salary as CFO was increased to cover up scandals, that Plaintiff Qarrain forged corporate documents and that Plaintiff Qarrain falsely stated Plaintiff RJ's income on financial statements.

13.     A separate post on March 24, 2018, also falsely states that Plaintiff Qarrain was given a salary increase to motivate him to manipulate corporate figures and documents.

14.     Another post from March 26, 2018, falsely accuses Plaintiff Qarrain of expensing a personal dinner to Plaintiff RJ, in effect, making the Jordanian citizens pay for it.

15.     Defendant Khawaldeh continued these defamatory posts on March 28, 2018, again falsely accusing Plaintiff Qarrain of manipulating corporate figures and documents.

16.     Defendant Khawaldeh published a separate post on March 28, 2018, accusing Plaintiff RJ of corruption in increasing Plaintiff Qarrain's wages.

17.     Upon information and belief, Defendant Khawaldeh, without a privilege, posted these damaging statements on his personal Facebook page and his public Facebook page to over 13,000 followers, who have commented, "liked" and shared the posts to their friends and followers.

18.     Defendant Khawaldeh published these posts negligently, or in the alternative with the knowledge that they were false or with reckless disregard for their truth.

19.     These statements have caused Plaintiffs economic injury.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF ALL PLAINTIFFS – DEFAMATION

20.     Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs 1 through 19 above with the same force and effect as if set forth herein in full.

21.     Within the past year, Defendant has publicly made libelous and defamatory statements to third parties on Defendant's public Facebook page about the Plaintiffs, alleging that Plaintiff Qarrain: (a) forged and falsified Plaintiff RJ's corporate documents and financial statements; (b) committed a crime by forging and falsifying Plaintiff RJ's corporate documents; (c) charged personal expenses to Plaintiff RJ; and (d) was given a raise in return for Plaintiff Qarrain's forging and falsifying Plaintiff RJ's corporate documents and financial statements.

22.     Within the past year, Defendant has publicly made libelous and defamatory statements to third parties on Defendant's public Facebook page about the Plaintiffs, alleging that Plaintiff RJ: (a) condoned criminal activity allegedly being carried out by its officers; (b) is

engaged in general corruption and scandals; and (c) encourages its officers to forge and falsify corporate documents.

23.     These false statements were willful communications made to purposefully damage the reputation of Plaintiffs.

24.     Defendant Khawaldeh knew that at the time he made the above-referenced posts on Facebook that the statements were false or in the alternative published the statements negligently or with reckless disregard for their truth.

25.     Defendant made the statements with actual malice and reckless disregard for their truth, in that Defendant knew that Plaintiffs never forged documents, committed crimes, or were involved in corporate scandals.

26.     Defendant Khawaldeh has asked his 13,000+ followers on Facebook to share the defamatory posts.

27.     As a results of these statements, Plaintiffs have suffered harm to their reputation and business.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF ALL PLAINTIFFS – DEFAMATION PER SE

28.      Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs 1 through 27 above with the same force and effect as if set forth herein in full.

29.     Within the past year, Defendant has publicly made libelous and defamatory statements to third parties on Defendant's public Facebook page about the Plaintiffs, alleging that Plaintiff Qarrain: (a) forged and falsified Plaintiff RJ's corporate documents and financial statements; (b) committed a crime by forging and falsifying Plaintiff RJ's corporate documents; (c) charged personal expenses to Plaintiff RJ; and (d) was given a raise in return for forging and falsifying Plaintiff RJ's corporate documents and financial statements.

30.     Within the past year Defendant has publicly made libelous and defamatory statements to third parties on Defendant's public Facebook page about Plaintiffs, alleging that Plaintiff RJ: (a) condoned criminal activity allegedly being carried out by its officers; (b) is engaged in general corruption and scandals; and (c) encourages its officers to forge and falsify corporate documents.

31.     These false statements were willful communications made to purposefully damage the reputation of Plaintiffs.

32.     Defendant Khawaldeh knew that at the time he made the above-referenced posts on Facebook that the statements were false or in the alternative published the statements negligently or with reckless disregard for their truth.

33.     Defendant made the statements with actual malice and reckless disregard for their truth, in that Defendant knew that Plaintiffs never forged documents, committed crimes, or were involved in corporate scandals.

34.     The statements concerning Plaintiffs qualify as defamation *per se* as they:  a) falsely allege that Plaintiff Qarrain carried out a criminal offense by forging and falsifying corporate documents; b) imply that Plaintiff Qarrain is unable to perform his professional duties or imply Plaintiff Qarrain lacks integrity in the way he carries out his duties as CFO of Plaintiff RJ; c) prejudice Plaintiff Qarrain in his profession by accusing him of forging and falsifying corporate documents; and d) discredit Plaintiff RJ in its business by alleging RJ covered up corporate corruption and illegal activities.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment:

    A.  That Defendant pay Plaintiffs compensatory and punitive damages arising from Defendant's false and defamatory statements published on Facebook concerning Plaintiffs in an amount to be decided by the finder of fact at trial;

    B.  For injunctive relief that Defendant remove the defamatory posts regarding Plaintiffs from Facebook;

    C.  For injunctive relief that Defendant cease to continue posting defamatory statements concerning Plaintiffs in the future;

    D.  For costs and attorneys' fees of this suit; and

    E.  For all other relief to which Plaintiffs may be entitled and which this Court deems just and proper.

Dated:  April 23, 2018                    Respectfully submitted,

                                      */s/ Brent R. Austin*

                                      Brent R. Austin
                                        baustin@eimerstahl.com
                                      Ronit C. Barrett
                                        rbarrett@eimerstahl.com
                                      EIMER STAHL LLP
                                      224 South Michigan Avenue
                                      Suite 1100
                                      Chicago, Illinois 60604
                                      Telephone: (312) 660-7600
                                      Facsimile: (312) 692-1718

                                      - and -

                                      Anthony U. Battista
                                      abattista@condonlaw.com
                                      CONDON & FORSYTH LLP
                                      7 Times Square

New York, New York 10036
Telephone: (212) 894-6700
Facsimile: (212) 370-4453

*Attorneys for Plaintiffs*
ALIA – THE ROYAL JORDANIAN
AIRLINES COMPANY and
FERAS QARRAIN